IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CR-28-KAC-HBG |
| ADOLFO DOMIGUEZ, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the Court on the Defendant Adolfo Domiguez's Motion in Limine for Early Disclosure of Jencks Material [Doc. 109]. Defendant asks the Court to order the Government to disclose Jencks Act materials to him at least two weeks before trial to avoid lengthy delay at trial and to permit Defendant to prepare an effective and adequate defense. Defendant specifically seeks the jail telephone calls, email, and text messages and any written correspondence of two of his codefendants Luis Alberto Cruz and Mariono Gonzalez from the time of their arrest on March 9, 2020, until the present. Defendant contends that both codefendants are detained in the Blount County jail, which maintains recordings of prisoner's telephone calls, email, and text messages. Defendant asks the Court to require disclosure of this information two weeks before trial, because the calls and messages are in Spanish and must be translated.

The Government responds [145] that it will disclose to Defendant, "well in advance of the requested two weeks," all jail telephone calls or other jail correspondence of the defendants

and its prospective witnesses that it possesses or that it has previously obtained or accessed.[1] However, the Government objects to disclosure of jail calls or correspondence that are not and never were in the possession of the prosecution team. It argues that the Jencks Act does not require the prosecution to affirmatively seek out recordings that may exist but that it does not possess and has never possessed, accessed, or obtained. In this regard, the Government asserts that recorded jail correspondence by federal pretrial detainees is maintained by state and local authorities that are not affiliated with this case or investigation. Finally, the Government states that it will turn over other Jencks Act materials, which are not in Spanish and do not require translation, in advance of trial, pursuant to its normal practice.

Defendant responds [Doc. 146] that all the recordings of the jail calls are in the prosecution's possession because the prosecution either listened to the recordings using an access code provided by local law enforcement or asked local law enforcement to search the calls for the prosecution, making the local agency part of the prosecution team. Thus, Defendant asks the Court to require the Government to submit Jencks Act materials for all Government witnesses at least two weeks before trial, specifically including all recordings of telephone calls, video, letters, and messages stored by the Blount County Sheriff's Department for Defendants Luis Alberto Cruz and Mariono Gonzalez.

---

[1] The Government states that between March 9, 2020, and May 25, 2020, the prosecution team listened to a limited number of recorded jail calls of two defendants and three prospective witnesses to learn the location of a coconspirator. It states it will turn over all these recordings. The Government also states that it obtained the mail correspondence of one prospective witness from the arrest date to January 11, 2021. The Government "will also turn over the letters in its possession, to the extent that they contain *Brady*, Jencks, or other discoverable material" [Doc. 145, p.2, n.1].

The Jencks Act provides that the Government cannot be compelled to produce its witnesses' statements or reports until after the witness testifies on direct examination. 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 26.2. The Court cannot compel the Government to disclose Jencks Act materials at a time earlier than what the Act itself permits. *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see also United States v. Algie*, 667 F.2d 569, 571-72 (6th Cir. 1982). Defendant Domiguez asserts that the Court has discretion to order early disclosure of Jencks Act materials in order allow the defense to prepare to cross-examine the prosecution's witnesses and to prevent unnecessary delay at trial. Although the Court possesses inherent power over the provision of discovery, it "c[an] not use its inherent power to compel the government to produce Jencks Act material prior to trial." *United States v. Perkins*, No. 12–11–DLB–EBA, 2014 WL 3436074, *13 (E. D. Ky July 11, 2014) (citing *Algie*, 667 F.2d at 572).

In *United States v. Narciso*, the court required pretrial disclosure of hundreds of FBI reports of witness interviews, finding that in the unique circumstances of that case, the defendants' constitutional rights of due process, the effective assistance of counsel, and the fair an efficient conduct of criminal trials trumped the timing requirement of the Jencks Act. 446 F. Supp. 252, 270-71 (E.D. Mich. 1977). However, the exercise of discretion in *Narciso* was limited to the extreme circumstances in that case. *United States v. Lazar,* No. 04-20017-DV, 2004 WL 7331845, *3 (W.D. Tenn. Dec. 26, 2004) (finding *Narciso*'s early disclosure of Jencks materials "to be limited to the extraordinary circumstances present in that particular case"). *Narciso* involved numerous witnesses, technically complicated subject matter, and an expected four-to-six-month trial. 446 F. Supp. 270. However, in requiring early disclosure of the reports, the court "stressed that this ruling is limited in nature and is compelled by the constitutional considerations referred to." *Id.* at 271. The Court finds none of the unique circumstances from *Narciso* exist here.

3

In the instant case, Defendant argues that excessive delays in the trial will occur if defense counsel must review jail communications, which will need to be translated from Spanish, during a recess in the trial. The Court's scheduling order provides that "[t]he government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials" [Doc. 42, ¶O]. Here, the Government has agreed to reveal Jencks Act materials in advance of trial and to disclose the jail communications in its possession well in advance of the two weeks requested by Defendant Domiquez. However, Defendant argues that the Government is required to provide not just the jail calls and letters it reviewed, but eighteen months of jail communications of two witnesses.

The Court agrees with the Government that it has no obligation to seek out and disclose jail communications that it did not review. Records in the possession of the agency that aided in the investigation of the case are considered to be in the government's control. *United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018). However, our appellate court has recently held that the jailer is not part of the prosecution team, requiring the prosecutor to seek out and disclose mental health records of an inmate, even when the jail conveys the inmate's willingness to testify as a prosecution witness and transports the inmate to the trial. *Hall v. Mays*, 7 F.4th 433, 444-45 (6th Cir. 2021). Although the telephone service that contracts with the jail retains recordings of jail communications for a period of time, those recordings are not in the Government's constructive possession if the jail does not act "as the government's investigatory agent in the investigation or prosecution of the case." *See United States v. Hernandez*, No. 3:12–CR–0190–L(04), 2012 WL 5945077, *3 (N.D. Tex. Nov. 28, 2012) (denying disclosure under the Jencks Act of jail calls of cooperating codefendants when the defendants were not charged with crimes in the prison, jail

4

staff did not participate in the calls, and no evidence existed that the jail staff was involved in the investigation of the charged offenses).

In the instant case, the Government does not have actual custody of all jail communications, nor does the record before the Court reveal that the staff at the Blount County jail participated in the investigation of this case. The Government agrees "the prosecution team accessed and listened to a limited number of recorded jail calls for several prospective witnesses and the defendants," however, it did so to locate a coconspirator "whose whereabouts were unknown," not as a part of the investigation of the charges in this case [*see* Doc. 145, p.2]. The Court finds that the Government's access of a limited number of jail calls to locate a defendant does not impose upon it the obligation to listen to and disclose as Jencks Act material all jail communications of every incarcerated witness.[2]

The Court finds the Jencks Act forecloses early disclosure and the requested eighteen months of jail communications are not in the Government's custody or control. Accordingly, Defendant Adolfo Domiguez's Motion in Limine for Early Disclosure of Jencks Material [**Doc. 109**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[2] In *United States v. Benanti*, a case cited by Defendant, the Court strongly encouraged the Government to disclose sixteen hours of recorded jail calls to the defense two weeks before trial, but in that case, the jail calls were in the possession of the prosecution. No. 315-CR-177, Doc. 101 (E.D. Tenn. Jan. 6, 2017) (Shirley, MJ).