UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-28-KAC-HBG-5 |
| | ) | |
| ADOLFO DOMINGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Adolfo Dominguez's Motion for the Appointment of Substitute Counsel, filed on November 10, 2021 [Doc. 164]. United States District Judge Katherine A. Crytzer referred the motion to the undersigned for consideration and determination or report and recommendation on November 15, 2021 [Doc. 166]. Trial is currently set for April 5, 2022. The parties appeared before the Court for a motion hearing on December 1, 2021. Assistant United States Attorney Kevin Quencer appeared for the Government. Attorney Rachel L. Wolf appeared on behalf of Defendant, who was also present.

The Court appointed Attorney Wolf to represent Defendant by Order dated March 10, 2020 [Doc. 9] due to a conflict with Defendant's prior counsel. The motion filed on Defendant's behalf provides that Attorney Wolf has met with Defendant in person, on the phone, or over video, roughly twenty-nine (29) or more times, with visits lasting anywhere from thirty minutes to three hours. In a letter addressed to the Court filed on November 4, 2021 [Doc. 161-1], Defendant indicated that he wanted a new attorney because he felt that his current counsel was on the Prosecutor's side, that counsel did not want to proceed to trial, and that he wanted a Spanish-speaking attorney.

The motion provides that Attorney Wolf informed Defendant that she had done all she could to proceed to trial, but that the last three trial settings had been continued at the request of the Government, the co-defendant, and the Court for a scheduling conflict. Attorney Wolf did not object to the last continuance because the Court was proceeding to trial on an older case; however, Attorney Wolf did object to the first two continuance motions. Attorney Wolf indicated in the motion that she believes the attorney-client relationship is irretrievably broken, and even though she and Defendant have been able to resolve prior issues, any further attempt to mend the attorney-client relationship would be temporary or completely unsuccessful. Attorney Wolf also stated in the motion that she believes Defendant's distrust of her may be causing Defendant to act against his own best interests in both his assistance in trial preparation and considering any plea offers.

The Court conducted a sealed, *ex parte* session with Defendant and Attorney Wolf to learn the nature and extent of the problems with the attorney-client relationship. Without divulging those confidential communications, the Court finds that the attorney-client relationship is not irreparably damaged. The Court also finds that Defendant and counsel are able to communicate and that the matters causing a strain on the attorney-client relationship are not the fault of counsel and beyond counsel's control. The Court finds no fault with counsel's representation of Defendant. Accordingly, the Court finds good cause to substitute counsel does not exist, and the Motion [**Doc. 164**] is **DENIED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel).

**IT IS SO ORDERED**

ENTER:

*Bruce Guyton*
United States Magistrate Judge